408 F.Supp.2d 1348 (2005)
In re COBRA TAX SHELTERS LITIGATION
Carmel Partners, et al.
v.
United States of America, S.D. Indiana, C.A. No. 1:04-1661
Gary Woods, etc.
v.
United States of America, W.D. Texas, C.A. No. 5:05-216
Gary Woods, etc.
v.
United States of America, W.D. Texas, C.A. No. 5:05-217.
No. 1727.
Judicial Panel on Multidistrict Litigation.
December 6, 2005.
Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

TRANSFER ORDER
WM. TERRELL HODGES, Chairman.
This litigation currently consists of one action in the Southern District of Indiana and two actions in the Western District of Texas. Defendant United States moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Southern District of Indiana. All plaintiffs in these actions oppose the motion.
On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Indiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning the propriety of a generic tax product known as "Currency Options Bring Reward Alternatives" (COBRA), which the Internal Revenue Service has identified as *1349 an abusive tax shelter. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.
Plaintiffs argue in opposition to centralization that resolution of this litigation will likely depend on facts unique to each action. Plaintiffs suggest that informal coordination of discovery would be preferable to Section 1407 centralization. We disagree. Transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common party and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions. Discovery with respect to any case-specific issues can also proceed concurrently with discovery on common issues. In re Smith Patent Litigation, 407 F.Supp. 1403, 1404 (Jud.Pan.Mult.Lit.1976).
We are persuaded that the Southern District of Indiana is a preferable transferee forum for this litigation. The Southern District of Indiana has 1) the first-filed action; 2) the support of the common defendant to this litigation; and 3) the resources that this complex tax matter is likely to require. Additionally, the action in the Southern District of Indiana has progressed somewhat further than the Western District of Texas actions.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending in the Western District of Texas are transferred to the Southern District of Indiana and, with the consent of that court, assigned to the Honorable John D. Tinder for coordinated or consolidated pretrial proceedings with the action already pending in that district.